## ABIJAH FISK *v.* DANIEL COMSTOCK and another.

One who becomes bail for another, on a guaranty from a third person to indemnify him for any loss he may be subjected to in consequence, is under no obligation to notify the latter of any steps taken to render him liable.

Bail may coerce the surrender of their principal.

BULLARD, J. The plaintiff became the bail of Tufts, upon the following guaranty of Comstock and Hyde : " We hereby promise to indemnify Abijah Fisk, and pay him for all damages he may incur, and for all expenses and charges which may be incurred in consequence of his being bound for the appearance of A. W. Tufts," &c. Having been compelled to pay the judgment against Tufts, the plaintiff instituted the present action to be reimbursed. There was judgment below against him, and he has appealed.

The defendants rested their defence upon the allegations, that the plaintiff never gave them any notice of the trial against Tufts, of the judgment against him, of the issuing and return of the *fi. fa.* and *ca. sa.*, or of the motion against the said plaintiff. They aver that when they promised to indemnify the plaintiff, it was agreed between themselves and Tufts, that in case any judgment should be rendered against him, he would forthwith return from Louisville to New Orleans and deliver himself up ; and that of this agreement the plaintiff had knowledge. That before the judgment was rendered against Tufts, Fisk wrote to him at Louisville that judgment had been rendered against him, and that he (Fisk) would have to pay the money in five days ; in consequence of which erroneous information, he avers, that Tufts made no further inquiry into the matter, placing entire confidence in the letter of said Fisk, and knowing his inability to reach New Orleans

in five days; and they aver, that by his erroneous conduct in not giving the defendants notice, and by giving erroneous information to Tufts, they are discharged.

It appears in evidence, that on the 20th of July, Fisk wrote to Tufts, then at Louisville, that the execution was out against him for $2500, and added, " I am told that a judgment can be obtained against me in ten days." He proceeds to remind him of his promises to save him harmless, and concludes by requesting to be informed what he intended to do in the matter. In answer to this letter, on the 8th of August, Tufts says, he was ready to start for New Orleans on that day, but that he had met Comstock, who thought it would be unnecessary to go, for if they could make him (Fisk) accountable, it would be done before he could reach there; and observing, that if it could be put off for ten days, it could be until autumn. On the 24th of September, Fisk writes him again, that if he had started as he proposed, it would not have been too late; but that it was then too late, as the execution would be out in eight days, and the money must be paid.

*L. Peirce* for the appellant.

*I. W. Smith* for the defendants. 1. Every act of a party to whom a promise or guaranty is given, which tends to increase the risk of the promise, or to defeat the remedy against the principal, will vacate and discharge the guarantee. 3 Chitty's Commercial Law, 324. Theobald, on Principal and Agent, 123. 2. Suretyship must be restrained within the limits fixed by the contract. It must be express, and cannot be presumed. Civ. Code, 3008. Guaranties must be construed strictly. *Bell v. Norwood,* 7 La. 103. The courts always incline to favor sureties. 13 Petersdorff, Abr. 769. *n.*

BULLARD, J. We see nothing in the correspondence of Fisk calculated to deceive Tufts to the prejudice of the defendants, or to render their condition more onerous, or to induce Tufts not to give himself up in obedience to the *ca. sa.,* so as to exonerate his bail; on the contrary, it appears to us that Fisk intended to quicken the motions of the principal, so as to relieve himself, and consequently the defendants, from all further liability. Fisk was under no legal obligation to give notice of the steps taken to render him liable. He had a right to take out a bail piece, and to

coerce the surrender of his principal. Instead of doing so, he makes an appeal to his honor and sense of right, and tells him that he has been told that he might be made liable in ten days for the debt. But it does not appear that Tufts understood Fisk in any other way. He says he was prepared to come to New Orleans, on receiving the letter of the 20th of July, but was induced not to do so by one of the defendants. It was not the information, therefore, which he got from Fisk, but the advice of Comstock, which prevented his returning immediately to the city. Nothing had been done, in our opinion, by Fisk, to prevent Tufts from complying with his promise ; and the recourse of Comstock and Hyde upon him, in the event of their being condemned to pay, has been in no manner impaired by any conduct of Fisk.

The judgment of the court is therefore reversed, and it is adjudged that the plaintiff recover of the defendants, *in solido,* two thousand six hundred and eighty-four dollars and sixteen and quarter cents, with five per cent. interest from Dec. 4, 1835, until paid, and the costs in both courts.